Smith v. Powell, Comr. of Motor Vehicles

JAMES W. SMITH v. EDWARD L. POWELL, COMMISSIONER OF
MOTOR VEHICLES OF NORTH CAROLINA

No. 765SC723

(Filed 16 March 1977)

**Automobiles § 122— public highway — driving under bridge within right-of-
way lines**

Petitioner was operating his vehicle on a public highway when he
was arrested for drunken driving where he was operating the vehicle
under a bridge between the right-of-way lines of a U. S. highway,
G.S. 20-4.01(13); therefore, the Division of Motor Vehicles properly
revoked petitioner's driver's license because of his refusal to submit
to a breathalyzer test after his arrest.

Judge CLARK dissenting.

APPEAL by respondent from *James, Judge.* Judgment en-
tered 8 April 1976 in Superior Court, NEW HANOVER County.
Heard in Court of Appeals 10 February 1977.

In this proceeding, petitioner, James W. Smith, filed a peti-
tion in the Superior Court pursuant to the provisions of G.S.
20-16.2(e) for a trial *de novo* from the order of the Division
of Motor Vehicles suspending his driver's license for six months
pursuant to G.S. 20-16.2(d) for willful refusal to submit to a
breathalyzer test. The following facts are not in controversy:

On 2 October 1975 at approximately 6:25 p.m. New Han-
over County Deputy Sheriff C. E. Willis observed the petitioner
operating a motor vehicle underneath the bridge by which U. S.
Highways 74-76 cross the Intercoastal Waterway in New Han-
over County. The area beneath the bridge is used by some mem-
bers of the general public to launch small boats into the water
without the express or implied consent of the State of North
Carolina. Deputy Sheriff Willis had reasonable grounds to be-
lieve that petitioner was operating a motor vehicle under the
influence of intoxicating liquor and arrested him for violating
G.S. 20-138. At the time of his arrest petitioner was requested
by Deputy Sheriff Willis and by a qualified breathalyzer opera-
tor to submit to a breathalyzer test and was informed of his
rights under G.S. 20-16.2(a), but petitioner willfully refused
to submit to the test. Subsequently the Division of Motor Ve-
hicles revoked petitioner's license for six months pursuant to
G.S. 20-16.2(d). Petitioner asked for a trial *de novo* in Superior

Court pursuant to G.S. 20-16.2(e). At trial the judge found the facts as set out above and based thereon made the following pertinent conclusion of law:

"While the Court agrees that there may technically be some merit in the argument that the area beneath the bridge is within the right-of-way of Highways 74-76, the Court concludes as a practical matter that the Petitioner's car was not on a highway as that term is used in North Carolina General Statute 20-16.2, and that the arresting officer did not have reasonable grounds to believe that the Petitioner was or had been operating said vehicle on a highway while under the influence of alcohol."

From an order reversing the respondent's revocation of petitioner's driver's license, respondent appealed.

*Cherry and Wall by James J. Wall for petitioner appellee.*

*Attorney General Edmisten by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray for respondent appellant.*

HEDRICK, Judge.

The respondent contends that the uncontroverted facts do not support the conclusion that petitioner was not operating a motor vehicle on a highway within the meaning of G.S. 20-16.2 at the time of his arrest. G.S. 20-4.01(13) defines a highway for the purpose of Chapter 20 as, "The entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purposes of vehicular traffic."

The uncontroverted findings of fact clearly establish that petitioner at the time of his arrest was operating a motor vehicle between the right-of-way lines of a "way or place" a portion of which is open to the public as a matter of right for vehicular traffic, as U. S. Highways 74-76. We hold the trial court erred in concluding that petitioner was not operating a motor vehicle at the time of his arrest on a highway within the meaning of G.S. 20-16.2.

In *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 232, 182 S.E. 2d 553, 558 (1971), Justice (now Chief Justice) Sharp wrote, "If, under the facts found by the judge, the

---

Turner v. Investment Co.

---

statute [G.S. 20-16.2(d)] requires the suspension or revocation of petitioner's license 'the order of the department entered in conformity with the facts found must be affirmed.' " (Citations omitted.)

In the present case the findings of fact dictate the conclusion that petitioner was operating his automobile at the time of his arrest on a highway within the meaning of G.S. 20-16.2(d). Accordingly, the judgment appealed from is reversed, and the proceeding is remanded to the Superior Court for the entry of an order affirming respondent's order revoking petitioner's license.

Reversed and remanded.

Judge BRITT concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The area within the right-of-way under the bridge was never intended for vehicular traffic and has never been maintained by the State for that purpose. In my opinion no part of the right-of-way under the bridge was "open to the public as a matter of right for the purposes of vehicular traffic," as provided by G.S. 20-4.01. The long arm of the law should not be so elasticized as to reach under a bridge in an area which was not intended for vehicular traffic. I vote to affirm the judgment of the trial court.